UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DACEY J. PRITCHETT (formerly known
as Dacey J. LaVigne),

    Plaintiff,

v.                                                                    Case No. 04-74650

JO ANNE BARNHART,                                HONORABLE
COMMISSIONER OF SOCIAL SECURITY      AVERN COHN

    Defendant.                                                Magistrate Judge Whalen

_____/

**MEMORANDUM AND ORDER DENYING DEFENDANT'S
MOTION FOR RECONSIDERATION.**

**I. Introduction**

This is a Social Security case. Plaintiff Dacey Pritchett (Pritchett)[1] requested a writ of mandamus and attorney fees from Defendant Commissioner of Social Security (Commissioner) relating to retroactive Supplemental Security Income (SSI) payments. After the Commissioner paid the remaining retroactive benefits, only the request for attorneys fees remained. The Court granted the attorney fees on September 30, 2005.

Before the Court is Defendant's motion to reconsider the order for attorney fees . For the reasons stated below, the motion is DENIED.

**II.  Analysis.**

**A.  Standard of Review.**

Under E.D. Mich. LR 7.1(g)(3), a motion for reconsideration will not be granted if

---

[1] Pritchett is formerly known as Dacey LaVigne.

it "merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case."  Id.

### B.  Discussion.

### 1. The Commissioner's Argument.

The Commissioner asks for reconsideration on a perceived "misapprehension concerning a critical fact, namely that Defendant acted to pay Plaintiff his retroactive Supplemental Security Income (SSI) benefits in response to the Report and Recommendation issued in this case."  The Commissioner argues that Pritchett received the first installment of his retroactive SSI benefits on or before March, 2005, long before the Magistrate Judge issued the Report and Recommendation, and regulatory requirements governing the repayment of past-due benefits were the only reason Pritchett did not receive all benefits at that time.  The Commissioner paid the final installment on July 22, 2005, as it said it would do.  Therefore, the Commissioner argues in its motion that it could not have acted in response to the Report and Recommendation.

### 2.  Resolution.

Pritchett endured years of obstruction and delay on the part of the Commissioner in his attempt to procure benefits to which he was entitled under law.  The Court will spare itself another recitation of the facts.    Pritchett may have been optimistic that all retroactive benefits would be paid when the Commissioner paid some of the retroactive benefits in March of 2005, but the Court does not share the Commissioner's certainty

that the final installment paid on July 22, 2005, would have been paid without the impact of the Report and Recommendation.  In the history of the case recounted in the order for attorney fees, the Commissioner erred in the performance of significantly simpler tasks than the payment of the final installment of benefits.  Had Pritchett voluntarily withdrawn his complaint for relief upon receipt of and in reliance upon payment of the first installment, and then the Commissioner again changed its decision to make the payments, Pritchett would have been back to square one.  The Report and Recommendation provided the certainty that the final installment of benefits would be paid.

If only regulatory requirements prevented the Commissioner from making the final installment payment before the Report and Recommendation, perhaps the Commissioner should have requested a one month postponement of the hearing before the Magistrate Judge until after the final installment was paid.  Though another delay would not have been altogether fair to Pritchett, the request would have saved the parties and the Court considerable time and expense, and might have prevented this subsequent dispute.  Pritchett's uncertainty regarding payment of the final installment also may have been alleviated.

There is no merit to the request for reconsideration.

SO ORDERED.

Dated:  October 18, 2005        s/Avern Cohn
                                AVERN COHN
                                UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 18, 2005, by electronic and/or ordinary mail.

                                 s/Julie Owens
                                Case Manager, (313) 234-5160